## HUDSON v. McWILLIAMS et al.[*]

(Circuit Court of Appeals, Ninth Circuit.
February 28, 1927.)

No. 5000.

1. Courts ⬡281—Complaint held one in a "civil suit," within the jurisdiction of a federal court, and not merely for declaratory judgment.

Facts alleged in a complaint, coupled with a prayer for general relief, held to present more than a mere suit for declaration of rights under Code Civ. Proc. Cal. §§ 1060–1062, and to involve as subject-matter of the suit property to be taken into possession of the court and to be disposed of by its decree, and hence a civil suit within the jurisdiction of a federal court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit, etc.]

2. Courts ⬡493(1)—Pendency of another suit in state courts held not to exclude jurisdiction of federal court.

Pendency of a suit in the state courts held not to exclude jurisdiction of a federal court in a suit to preserve and protect interests of parties in property involved.

3. Mines and minerals ⬡81—Lessors of oil property held not indispensable parties to suit to determine rights between claimants of interests in product of well.

Lessors held not indispensable parties to a suit to preserve rights of complainants in the product of an oil well on the leased premises by appointment of a receiver, with authority so limited as not to interfere with rights of the lessors.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit in equity by C. H. McWilliams and others against C. A. Hudson. From an interlocutory order appointing a receiver, defendant appeals. Modified and affirmed.

The appellant appeals from an interlocutory order appointing a receiver pendente lite in a suit brought for declaratory relief, as provided by sections 1060, 1061, and 1062 of the Code of Civil Procedure of the state of California, praying for a declaration by the court of the rights of the plaintiffs in and under a lease made on April 10, 1920, between John S. Baker and Julia M. Baker, his wife, as lessors, and C. H. McWilliams, as lessee, and modified on October 1, 1922, by an agreement between the same lessors and said McWilliams and Arthur G. Gage as lessees; the other plaintiffs having acquired from said lessees certain interests in the lease, the lease conferring upon the lessees the right to sink oil wells on certain described premises and extract oil therefrom,

*Rehearing denied May 9, 1927.

and reserving to the lessors 35 per cent. of all oil, gas, and other valuable hydrocarbons produced and sold upon the premises during the life of the lease.

The appellees, other than McWilliams, acquired certain interests in the lease by transfers from him, and the interests which the appellees claim are a 20 per cent. royalty under an agreement made November 8, 1922, between all of the appellees, excepting the Petroleum Royalties & Development Company, upon the one part, and G. A. Hopkins and one H. S. Howland, on the other, who claimed an interest, not in the real estate or the lease, but under a collateral agreement for the transfer to them of the lease from the original lessee and others. By subsequent assignment Hopkins and Howland transferred all the product of the well to the appellant, and later they transferred to him the right to operate the real estate under the terms of the lease and produce oil, gas, etc., therefrom. The basis of jurisdiction in the court below is the diversity of citizenship in the parties.

Upon the bill of complaint and the affidavits for and against the appointment of a receiver, the court below appointed a receiver of the rents, issues, and profits of a certain oil well upon the leased premises, authorized him to go upon said property, and directed him to "superintend and direct the operation of the oil plant and the selling and marketing of the oil, retaining the present operators unless hereafter ordered by the court," and directing him to pay of the gross proceeds 30 per cent. to John S. Baker, to retain possession of 20 per cent., and to pay the remainder to the appellant, or to such other parties as the court may order.

Charles C. Montgomery, of Los Angeles, Cal., for appellant.

Charles A. Sunderlin and Moore & Farraher, all of Los Angeles, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appellant attacks the order appointing the receiver upon the grounds (1) that the lessors were indispensable parties, and, they being citizens of California, their joinder would, if they had been brought in, have destroyed diversity of citizenship, and consequently the jurisdiction of the court; (2) that a federal court has no jurisdiction of an action at law for declaratory relief under the California statute, or

to appoint a receiver therein, for the reason that it is not only not a civil suit, within the meaning of the Constitution of the United States, but it provides for a blending of equitable and legal causes of action, not permissible in a Federal court; (3) that there is pending an action involving the same parties and the same issues in the superior court of Los Angeles county, California.

[1] As we view the allegations of the complaint, we need not enter into a discussion of the question whether or not they present a civil suit such as is cognizable in a federal court, for the facts alleged, as we regard them, involve more than a mere suit for declaratory relief under the Civil Code of the state of California, and call upon the court to do more than to declare the rights of the appellees under a contract. For the court is required, not only to construe the leases and the instruments under which the appellees claim a portion of the proceeds of an oil well now being operated, but the facts pleaded, coupled with a prayer for general relief show a suit between parties litigant claiming adversely the right to portions of the output of an oil well and the proceeds of the sale thereof; the appellees seeking to impound their share of those proceeds and enjoin the payment thereof to the appellant. Upon the facts presented the trial court may, at the conclusion of the suit, direct the payment of those proceeds to the person or persons entitled ultimately to receive the same. In other words, there is here presented as the subject-matter of a suit property to be taken into the possession of the court, and subject to the final disposition of the court by a judgment, and not a mere case brought for the declaration of rights of parties under a contract.

[2] The prior suit, the pendency of which is relied upon as divesting jurisdiction in the present case, is pending on appeal to the Supreme Court of California. Hopkins, although named as a party defendant in that case, was never served, nor was there any attachment of his interest in the subject of the litigation. He has been served with summons in the present case. It is conceded, however, by the court below that, if the judgment in said prior suit is affirmed on appeal, it will be considered a binding adjudication. But the pendency of that suit was clearly no obstacle to the jurisdiction of the court below to maintain the present suit, and to protect in the meantime the alleged interests of the appellees.

[3] To the controversy thus presented we think that Baker and his wife are not indispensable parties. The right of the appellees in and to their portion of the proceeds of the oil well, and the protection of the fund so realized, and the prevention of its dissipation may be determined without bringing in parties other than those which are before the court. In those matters Baker and his wife have no property interest. But, when we view the terms of the order appointing the receiver, we are of the opinion that, in defining his functions and directing his action, the court exercised powers which directly affect property interests of the Bakers. The receiver is directed to go upon the property and superintend the operation of the oil plant and the selling and marketing of the oil. In so doing he must necessarily invade the rights reserved to the lessors, the owners of the property. They have an interest in determining who shall have possession of and operate the mining property, and who shall sell the proceeds of the oil well, and we think that the order goes farther than the court was empowered to go, in the absence of the owners of the property as parties.

We think the case should be remanded to the court below, with instructions to modify the order appointing the receiver, so as to authorize him only to receive and hold the portion of the proceeds of the oil well which the appellees allege belong to and are payable to them, and not to disturb the permission of the leased property, or divest its control by the operators in charge of the case.

The cause is remanded to the court below, with instructions to modify, as above indicated, the order appealed from, and, so modified, it is affirmed, without costs in this court to either party